United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————

No. 06-20160
(Summary Calendar)

—————

JULIO A RAMOS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
4:05-CV-02189

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Julio A. Ramos ("Ramos"), federal prisoner # 60283-004, appeals *pro se* from an order of the district court denying his post-conviction Federal Rule of Criminal Procedure 41(e) motion for the return of seized property.[1] Ramos also appeals the denial of his motion for relief from judgment

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    On December 1, 2002, Rule 41(e) was redesignated Rule 41(g) without substantive changes. For convenience and consistent with the parties' briefs, this memorandum will continue to refer to the rule as Rule 41(e).

under Federal Rule of Civil Procedure 60(b) and the denial of his motion for recusal, filed pursuant to 28 U.S.C. §§ 144 and 455(a)-(b)(1).

Ramos contends that the district court erred by denying his motion for return of property. Because he did not challenge the district court's denial of the motion in his prior appeal, Ramos forfeited any right to challenge the district court's denial of the motion. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)). Accordingly, Ramos has shown no error in the district court's ruling that he was precluded from raising the issue again, and we need not address the district court's alternative ruling on the merits of the motion.

Moreover, Ramos has failed to show that the district court abused its discretion in denying his Rule 60(b)(3) motion for relief from judgment. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). Ramos did not provide the district court with clear and convincing evidence either that the Government engaged in misconduct concerning Ramos's motion for return of property or that any such misconduct prevented Ramos from fully and fairly presenting his case. *Id.* at 641. Nor has Ramos shown exceptional circumstances to merit relief under Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). We decline to consider Ramos's claim on appeal under Rule 60(b)(2) because he did not present this claim to the district court. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004).

Ramos likewise has not shown that the district court abused its discretion in denying his motion for recusal. *See United States v. MMR Corp.*, 954 F.2d 1040, 1044 (5th Cir. 1992); *United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir. 1985). The remarks about which Ramos complains were made by the district court during a sentencing hearing in Ramos's related criminal

case, and there is no evidence that the remarks were based on anything other than the evidence that the district court had heard and Ramos's conduct before the district court in the course of the criminal proceedings. The remarks do not, therefore, constitute a valid basis for a bias or partiality recusal under § 144 or § 455. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994); *MMR Corp.*, 954 F.2d at 1045. To the extent Ramos argues that the district court's denial of his motion for return of property itself evidences a bias against him, this argument lacks merit, as the record does not contain any evidence indicating that the ruling involved an extrajudicial source. *See Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

AFFIRMED.